## Case No. 11,184a.

### PITMAN v. DAVIS et al.

[Hempst. 29.] [1]

Superior Court, Territory of Arkansas. April, 1825.

FORCIBLE ENTRY—POSSESSION—TRESPASS BY LANDLORD FOR INJURY TO TENANT.

1. The landlord cannot maintain trespass for an injury to his tenant, and on the same principle the tenant only can have a writ of forcible entry and detainer against one who expels him from the tenement.

2. Actual possession is absolutely necessary to enable a plaintiff to maintain an action for forcible entry and detainer, and constructive possession is not sufficient.

[This was a writ of forcible entry and detainer sued out by Peyton R. Pitman against Abijah Davis and wife.]

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. In this case the plaintiff sued out a writ of forcible entry and detainer against the defendants, where-

---

in it is alleged that the defendant, Elizabeth Davis, on the second and third days of November, 1823, entered in and upon a certain plantation and the dwelling-houses thereon, where Archer Brown, his tenant, resided; and the question is, whether the landlord can maintain a proceeding of this kind for a forcible entry on his tenant. It is well settled that the landlord cannot maintain trespass for an injury to his tenant, and on the same principle it has been decided in Kentucky that the tenant alone can have a writ of forcible entry and detainer against a person who forcibly enters and expels him from the tenement. Vanhorne v. Tilley, 1 T. B. Mon. 52. It is irresistible from the statute regulating forcible entry and detainer (Gey. Dig. 202) that possession in fact, and not a constructive possession, is absolutely necessary to enable the plaintiff to maintain the action. Stewart v. Wilson, 1 A. K. Marsh. 225; Pogue v. McKee, 3 A. K. Marsh. 127.

Reversed.